JACKSON G. BROWN and WIFE, and others, plaintiffs in error, vs. JOHN McWILLIAMS, Sen'r, et al., defendants in error.

Where a father, in limited circumstances, receives a fund, as guardian for his minor children, and by order of the Court of Ordinary, is allowed to retain the same without interest, the sum being small, as compensation for his trouble and expense in collecting the money, in managing it, and to aid him in the support and maintenance of his wards, and upon the intermarriage of two of them, settles with their husbands, paying them over the original amount, one of them, if not both, having full knowledge of all the facts, and upon a bill filed after the lapse of seventeen years from the settlement with the first, and seven or eight years since the settlement with the last, and the jury find for the defendant, a Court of Equity, under all the facts of the case, will not disturb the verdict.

In Equity, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1859.

This was a bill in equity, filed by Jackson G. Brown, and Susan, his wife, and James W. Brown, and Martha, his wife, against John McWilliams, Senior, the father and former guardian of said Susan and Martha, his daughters, for an account and payment of a legacy bequeathed to them by the will of their grand-father, John McGowan, deceased, of Laurens district, South-Carolina.

It appeared from the bill and answers, that a legacy being left to defendant's children, as aforesaid, he, as their father and guardian, received the same about the 26th January, 1835. That afterwards, an order was passed by the Court of Ordinary of DeKalb county, exempting and discharging defendant from all liability for interest on said legacy, in consideration of the trouble and expense which he had been put to, in going to South-Carolina and obtaining said legacy, and in further consideration of his maintaining and supporting his children, free of charge, until they attained the age of twenty-one years.

It further appeared, that after the marriage of Jackson G. Brown and James W. Brown, the complainants, with defendant's daughters, he paid to them respectively, the sum of

$404 90, as the share due to them in right of their wives'
and that they, with their wives, executed receipts to him in
full, for their said legacies in his hands as guardian.

This bill was filed to open said settlements, and for an ac-
count of the legacies received by defendant, irrespective of
said receipts, which the bill alleges were given by complain-
ants upon the representations of defendant that they contained
the full and true amounts due to them, and without a knowl-
edge on their part of the real and correct sums or amounts
coming to them.

Upon the trial, complainants proved that John McWil-
liams, Sen'r, owned, in 1835, four or five hundred acres of
land, worth $2,500 00; three negroes, worth $1,500, stock,
cattle, &c.

At the conclusion of the testimony, and after argument, the
Court charged the jury:

1st. That when a father is guardian of his infant children
who have a separate estate or property, the law will allow
him to appropriate the income of such estate, or so much as
may be necessary, to the support and education of the chil-
dren, notwithstanding he may be able to support and edu-
cate them out of his own property.

2d. That the statute of limitations begins to run in favor
of the defendant from the date of the settlement, unless it be
proven that there was fraud in the settlement; in which
event, the statute did not begin to run until the fraud was
discovered.

3d. That if the receipts were given by the complainants,
with a full knowledge of the circumstances, they were con-
cluded and bound by them, though receipts were ordinarily
*prima facie* and not conclusive evidence of a settlement
in full, which may be reopened upon proof of mistake, igno-
rance, &c.

Counsel for complainants requested the Court to charge
the jury, "that the fact that the guardian did not make an-
nual returns, was sufficient to cast suspicion upon the settle-

ment, and to avoid the receipts, under all the circumstances of this case;" which charge the Court refused to give.

And further, "that the fact that the guardian did not make his annual returns, as required by law, was enough to throw upon him the *onus* of showing that the amounts specified in the receipts were the true and correct sums due to complainants;" which charge the Court also refused to give, but charged, that the fact that the guardian did not continue to make his annual returns made no difference, if complainants knew the amount in his hands, and consented to his retaining the interest for expenses, commissions, support, &c.

To which charges and refusals to charge complainants excepted.

The decree was for the defendant. Whereupon, complainants tender their bill of exceptions, and assign as error the charges and refusals to charge as above stated.

J. M. &. W. L. CALHOUN; and GLENN & COOPER, for plaintiffs in error.

MURPHY & CANDLER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

We do not think the verdict in this case should be disturbed.

The Court of Ordinary, having jurisdiction over the subject, and acting, as we are bound to presume, with a full knowledge of Mr. McWilliams's circumstances, passed an order authorizing him to retain the interest on the money received by him in South-Carolina, for his minor children, for his trouble and expense in collecting the fund, his commissions, and to aid him in the support and maintenance of his wards. That order stands unreversed. One of the complainants, certainly, if not both, with a full knowledge of the facts, settled with their father seventeen years, and the other seven or eight years, before this bill was filed. Being satisfied that the arrangement made between the Court of Ordi-

nary and the guardian was a reasonable one, we are unwilling to interfere with it, especially after such a lapse of time. It was bad enough for these sons-in-law to rob the father of his daughters against his consent. It would be still worse to allow them to harass his old age, under the circumstances of this case, at this distant day.

Judgment affirmed.